IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| CALVIN WAYNE COPELAND, PRO SE, | § | |
| TDCJ-ID #1014786, | § | |
| Previous TDCJ-ID #564031, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:06-CV-0109 |
| | § | |
| NFN PRICE, Warden, | § | |
| H. WESTON, Asst. Warden, | § | |
| MRS. KAREN M. THOMAS, | § | |
| Police Investigator 199, | § | |
| NFN SANCHEZ, Sgt., | § | |
| NFN SMITH, Caplain, and | § | |
| Dr. NFN White, Medical Director, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff CALVIN WAYNE COPELAND, acting pro se, initially filed suit pursuant to

Title 42, United States Code, section 1983 complaining against multiple defendants in the United

States District Court for the Northern District of Texas, Lubbock Division.  On April 26, 2006,

plaintiff's claims against the above-referenced defendants were severed and transferred to the

United States District Court for the Northern District of Texas, Amarillo Division.  Plaintiff has

paid the filing fee and is not proceeding in forma pauperis.

By his April 3, 2006 Amended Complaint, plaintiff sues the above-listed defendants for

violating his rights under the Eighth and Fourteenth Amendments.  Plaintiff complains that, on

January 15, 2003, defendant SANCHEZ kicked him, twice in the left leg and once on the right

side, and dragged him after he fell while being escorted to lock-up.  Plaintiff says defendant

SMITH, the "building caplain[1]," came out to see what was happening when he heard defendant

Sg. SANCHEZ had called for a wheelchair.  Plaintiff claims defendant SMITH told plaintiff to

"just lay there and to keep [his] mouth shut before he started beating [plaintiff] also."  Plaintiff

claims defendant Dr. WHITE mis-diagnosed plaintiff's medical injury that same day.  Plaintiff

claims defendants PRICE and WESTON failed to punish defendant SANCHEZ and, instead, had

plaintiff shipped to the Smith Unit as punishment for telling his family about the incident.

In addition, plaintiff claims defendant MRS. KAREN M. THOMAS, POLICE

INVESTIGATOR 199 at the Montford Unit, is guilty of "official abuse" along with Susan L.

Schumacher, Investigator, because he turned over notes to them which contained death threats

directed at him.

Plaintiff requests compensatory and punitive damages in unspecified amounts.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will

support dismissal of a suit brought under any federal law by a prisoner confined in any jail,

prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.

---

[1]This appears to be a typographical error on plaintiff's part who likely intended "Captain."

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see,*
*Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff waited until February 9, 2006 to sign and, presumably, file his complaint about an incident occurring at the Clements Unit in January of 2003.  There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied.  *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Limitations has expired, and the claims plaintiff is attempting to assert against defendants SANCHEZ, SMITH, WHITE, PRICE, and WESTON have expired with it.  Consequently, plaintiff's claims against SANCHEZ, SMITH, WHITE, PRICE, and WESTON lack an arguable basis in law and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

While plaintiff's claim against defendant THOMAS appears to have been transferred to this Court inadvertently, jurisdiction of the claim lies in this, the Northern District of Texas, and the Court finds it would not serve the interests of justice to transfer the claim back to the Lubbock Division.

---

[3]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Plaintiff claims defendant MRS. KAREN M. THOMAS, POLICE INVESTIGATOR 199 at the Montford Unit, is guilty of "official abuse" along with Susan L. Schumacher, Investigator, because he turned over notes to them which contained death threats directed at him.  Plaintiff says these death threats were in retaliation for his grievances concerning the August 17, 2004 actions of Sgt. Willson, Officer Binford, and Officer Willson at the Montford Unit.  Plaintiff has not provided the dates of the acts or omissions forming the basis of his claims against THOMAS, but, for purposes of this analysis, the Court will assume these claims are not barred by limitations.

Critically, although the complaint transferred to this Court was plaintiff's amended complaint, plaintiff has not alleged any act or omission by defendant THOMAS which forms the basis of any claims against her and has not alleged he suffered any harm as a result.  Plaintiff has failed to state a claim against defendant THOMAS on which relief can be granted.

## CONCLUSION

For the reasons set forth above, pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff CALVIN WAYNE COPELAND against defendant PRICE WESTON, SANCHEZ, SMITH, and WHITE are DISMISSED WITH PREJUDICE AS FRIVOLOUS; and plaintiff's Civil Rights Claims against defendant THOMAS are DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

4

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this __6th__ day of November, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE